**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21095-CV-WILLIAMS**

MIRAGE YACHT, INC.,

    Plaintiff,

v.

A 2013 MARQUIS YACHTS
RECREATIONAL VESSEL,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Magistrate Judge Ellen D'Angelo's Omnibus Report and Recommendation (DE 86) ("***Report***") on (1) Plaintiff/Counter-Defendant Mirage Yacht, Inc.'s ("***Mirage Yacht***") Motion to Dismiss Counts I and VI of KTM Venture Group, Inc.'s ("***KTM***") Amended Counterclaims and to Strike Damages Claims in Counts I and VI (DE 23)[1] ("***Mirage Yacht's Motion***"), (2) Counter-Plaintiff/Third-Party Plaintiff KTM's Supplemental Rule E(4)(F) Motion to Vacate Attachment and 12(B)(1) Motion to Dismiss (DE 37)[2] ("***KTM's Motion***"), and (3) Third-Party Defendant Norseman Shipbuilding and Boatyard, LLC's ("***Norseman***") Motion to Dismiss Third Party Complaint (DE 49)[3] ("***Norseman's Motion***") (collectively "***Motions***"). Also pending before the Court is KTM's Renewed Motion to Stay (DE 80)

---

[1] KTM filed a Response (DE 25), and Mirage Yacht filed a Reply (DE 26).

[2] Mirage Yacht filed a Response (DE 44), and KTM filed a Reply (DE 47). With leave of Court, KTM also filed an amended Affidavit of Michael Mateja (DE 54-1), attaching a corrected exhibit. (DE 54; DE 57.)

[3] KTM filed a Response (DE 58), and Norseman filed a Reply (DE 59).

("*Motion to Stay*").[4] The Report follows a five-hour hearing on January 21, 2025, in which Judge D'Angelo heard arguments by the Parties on the Motions. (DE 81.)

In the Report, Judge D'Angelo recommends that Mirage Yacht's Motion (DE 23) be granted, that Counts I (Conversion) and VI (FDUTPA) of KTM's Amended Counterclaims (DE 22) be dismissed, and that KTM be given leave to amend their Amended Counterclaims as to Count I.[5] (DE 86 at 2, 27, 33.) Regarding KTM's conversion claim, the Report concludes, "[a] party cannot bring the common law tort of conversion for a wrongful attachment of a vessel under maritime law," but must instead bring a wrongful attachment claim. (*Id.* at 22) (relying on *Indus. Mar. Carriers, LLC v. Dantzler, Inc.*, 611 F. App'x 600, 604 (11th Cir. 2015)). The Report also finds KTM did not sufficiently allege that it suffered "actual damages" or that there was injury to any consumer as required to plead a claim under FDUPTA.[6] (*Id.* at 25.)

---

[4] Mirage Yacht filed a Response (DE 84), and KTM filed a Reply (DE 85).

[5] Given that the Report recommends dismissing Counts I and VI of KTM's Amended Counterclaims, the Report also recommends that the Court deny as moot Mirage Yacht's Motion to Strike KTM's claims for attorneys' fees under Count I and for damages other than statutory actual damages under Count VI. (DE 86 at 23 n.15, 26 n.17) (citing DE 23 at 12–13).

[6] In its Response to Mirage Yacht's Motion, KTM requests leave to amend its Amended Counterclaims "to add punitive damages to its first claim and to raise individual claims of intentional torts identified in paragraph 108 of KTM's [Amended] Counterclaims." (DE 25 at 20) (referring to DE 22 at 27–28). KTM's request is insufficient for several reasons. "First, 'where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.' . . . Second, 'a request for a court order must be made by motion.'" *Newton v. Duke Energy Fla., LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) (quoting *Cita Tr. Co. AG v. Fifth Third Bank,* 879 F.3d 1151, 1157 (11th Cir. 2018)). Third, adding claims of other intentional torts alleged in paragraph 108 would be futile, as the new claims would be subsumed within the wrongful attachment claim just as the conversion claim was. *See Dantzler*, 611 F. App'x at 604 (holding Plaintiff's tortious interference claim was "subsumed under the wrongful attachment claim"); *Cooksey v. Waters*, 435 F. App'x 881, 884 (11th Cir. 2011) ("Denial

Next, the Report recommends that KTM's Motion to Vacate Attachment and to Dismiss (DE 37) be denied.[7] (*Id.* at 2, 16, 22, 33). The Report concludes that the Court has admiralty jurisdiction because Mirage sufficiently alleges it has a valid maritime lien based on an agreement to provide the Vessel necessaries and repairs that was wholly separate from the Purchase and Sale Agreement. (*Id.* at 13–14.) The Report further finds the attachment of the Vessel is proper at this stage, because "Mirage Yacht has shown there were reasonable grounds for the arrest of the Vessel." (*Id.* at 22.)

Finally, the Report recommends that the Court grant Norseman's Motion to Dismiss (DE 49) Counts II and V of KTM's Amended Counterclaims (DE 22). (*Id.* at 2, 33.) The Report concludes that KTM's aiding and abetting and fraud claims are barred by the broad release provision in the Settlement Agreement (DE 22-4) between the two Parties, and that KTM failed to state a claim for either cause of action.[8] (*Id.* at 31–33.)

---

of leave to amend 'is justified by futility when the complaint as amended is still subject to dismissal.'"). Therefore, the Court denies KTM's request to amend, apart from adding a wrongful attachment claim, for which punitive damages may be requested if **plausibly** alleged. *See* (DE 86 at 27) (recommending the Court grant KTM leave to replace Count I of its Amended Counterclaims with a wrongful attachment claim).

[7] As a result, the Report also recommends denial without prejudice of KTM's request for costs and attorney's fees associated with filing their Motion to Vacate, under S.D. Fla. L.R. C(7). (*Id.* at 22 n.14); *see also* (DE 37 at 18–22). The Report does not make a recommendation regarding KTM's request for fees under 28 U.S.C. § 1927, explaining that KTM withdrew that request at the January 21, 2025 hearing. (DE 86 at 27 n.18). Consequently, the Court will treat KTM's request as withdrawn.

[8] As an "afterthought" in the final sentence of its Objections to the Report and Recommendation on Norseman's Motion (DE 88), KTM requests leave to amend its fraud claim against Norseman should it be dismissed. (DE 88 at 6); *Lu Silverio v. Just Brands, LLC*, No. 23-60801-Civ-Scola, 2023 WL 6389529, at *10 (S.D. Fla. Oct. 2, 2023) (denying request for leave to amend that was made in a footnote of a response in opposition to a motion to dismiss). Like its request regarding its counterclaims against Mirage Yacht, KTM's request to amend its fraud claim against Norseman is improperly buried within its Objections. *See* discussion and sources cited *supra* note 6. The request is also substantively deficient, as it contains no details regarding what the

KTM filed Objections to the Report (DE 87; DE 88; DE 89) ("**Objections**").[9] In the Objections, KTM contests each of the Report's recommendations, mostly rehashing arguments that were presented to Judge D'Angelo.[10] *See e.g.,* (DE 87 at 6–7, 10–11) (referring back to its own briefings and prior explanations); (DE 88 at 3) (beginning an argument, "[a]s alleged in KTM's complaint and discussed in KTM's brief"); (DE 89 at 5–6) (prefacing arguments with "as KTM's briefings explain" and "[a]s KTM explained when responding to Mirage Yacht"). It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps.*

---

amended allegations would be and how they would cure the issues raised in the Report. *Newton v. Duke Energy Fla., LLC,* 895 F.3d 1270, 1278 (11th Cir. 2018) (holding plaintiffs' request for leave to amend did not sufficiently set forth the substance of the proposed amendment when it "merely hypothesize[d], in broad strokes, the kinds of amendments that [p]laintiffs might have been able to make") Finally, the fraud claim is barred by KTM's Settlement Agreement with Norseman, so amendment would be futile. *See Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 957 (N.D. Cal. 2019) (denying as futile leave to amend claim that was barred by release provision in settlement agreement); (DE 86 at 27–31) (analyzing the Settlement Agreement between KTM and Norseman and concluding the release provision bars KTM's claims). For all three reasons, the Court denies KTM's request.

[9] Mirage Yacht and Norseman filed responses to KTM's Objections. (DE 93; DE 94.)

[10] KTM challenges Judge D'Angelo's recommendations as "nonsensical," "flippant[]," and "blunders," demonstrating a "disregard for contract terms [and] fundamental principles of contract interpretation." (DE 87 at 8, 10; DE 89 at 4, 7, 11.) After a thorough review of KTM's pleadings and Objections, this Court can only surmise that, aside from the unprofessional nature of these remarks, such comments are the misplaced projection and attribution of KTM's own submissions and conduct in this litigation. Nonetheless, use of such terminology in the future may result in sanctions and referral to the Court's Peer Review Committee.

*Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).[11] Despite these shortcomings, the Court conducted a *de novo* review of the Report.

Upon careful review of the Report, the Objections, the Parties' Motions and briefing, the record, and the applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Judge D'Angelo's Report (DE 86) is **AFFIRMED AND ADOPTED**.

2. KTM's Motion to Vacate Attachment and to Dismiss (DE 37) is **DENIED**.

3. Mirage Yacht's Motion (DE 23) is **GRANTED IN PART AND DENIED IN PART.** Mirage Yacht's request to dismiss Counts I and VI of KTM's Counterclaims (DE 22) is **GRANTED**. Consequently, Mirage Yacht's request to strike KTM's claims for attorneys' fees under Count I of its Amended Counterclaims and for damages other than statutory actual damages under Count VI of its Amended Counterclaims is **DENIED AS MOOT**.

4. Norseman's Motion to Dismiss (DE 49) is **GRANTED**.

5. Counts I, II, V, and VI of KTM's Amended Counterclaims (DE 22) are **DISMISSED**.

6. Third-Party Defendant Noresman is **DISMISSED** from this case.

7. KTM may file second amended counterclaims limited to amendment of Count I to a claim for wrongful attachment on or before **March 27, 2025**.

8. KTM's Motion to Stay (DE 80) is **DENIED AS MOOT**.

---

[11] KTM's objection that it's due process rights were violated by the Report's recommendation to dismiss its conversion counterclaim was new but misguided. *See* (DE 87 at 2.) KTM cites cases in which courts' *sua sponte* dismissals were reversed. (*Id.* at 2–3.) These cases are inapplicable here, where the Report's recommendation was precipitated by Mirage Yacht's Motion to Dismiss. (DE 23 at 3–5.)

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>13th</u> day of March, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE